UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,                    Case No. 23-cr-20286

vs.                                  Honorable Laurie J. Michelson

Faruq Mandi Muhammad,

      Defendant.

---

## Stipulated Preliminary Order of Forfeiture

---

Plaintiff, by and through its undersigned attorneys, together with defendant Faruq Mandi Muhammad ("defendant"), individually and through his attorney, Steven E. Scharg, submit this Stipulated Preliminary Order of Forfeiture for immediate entry, and stipulate and agree to the following:

1. An Indictment was filed on May 17, 2023, which charged the defendant with Count One, Possession of Fentanyl with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1); Count Two, Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1); Count Three, Possession of Heroin with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1); Count Four, Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1); Count Five, Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1).

2. The Indictment sought criminal forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2(a), and provided notice to the defendant of the government's intention to seek forfeiture, pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c), of any firearm or ammunition involved in or used in any knowing violation of the offense, including, but not limited to:

- SCCY Industries Model CPX-1, 9mm pistol, SN 641182
- Hi-Point Model 995, 9 mm rifle, SN A09852
- Colt Model AR-15 A2, .223 rifle, SN SP318201
- Taurus Model PT945, .45 pistol, SN obliterated
- (19) 9mm rounds loaded in magazines of CPX-1 and Hi-Point
- (7) rounds .45 caliber rounds in a magazine near the Taurus
- (39) rounds of miscellaneous ammunition

Further, the Indictment provided notice to the defendant of the government's intention to seek forfeiture, pursuant to 21 U.S.C. § 853, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s), including but not limited to the following:

- $2,746 seized on March 18, 2021, from FARUQ MUHAMMAD
- $2,600 seized on March 18, 2021, from 16151 Sorrento, Detroit, MI

(ECF No. 1, PageID.4-5).

3. All of the property listed in the Indictment has since been forfeited

administratively.

4. The defendant has entered into a Rule 11 Plea Agreement and pleaded guilty to Count Two, Possession of Methamphetamine with Intent to Distribute, and Count Three, Possession of Heroin with Intent to Distribute, both in violation of 21 U.S.C. § 841(a)(1).

5. As part of his Rule 11, the defendant agreed to forfeit his interest in the following to the United States: $195,000 seized from the July 9, 2020, traffic stop ("Subject Property").

6. As part of this stipulated order and his Rule 11 agreement to forfeiture, the defendant shall forfeit to the United States all right, title and interest he may possess in the Subject Property.

7. The Subject Property was involved in defendant's violations of 21 U.S.C. § 841(a)(1) and is therefore subject to forfeiture under 21 U.S.C. § 853, and the requisite nexus exists between the Subject Property and the offense of conviction.

8. In entering into this Stipulated Preliminary Order of Forfeiture, the defendant waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Federal Rule of Criminal Procedure 32.2(b)(5). The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the

forfeiture in the judgment. The defendant acknowledges that he understands that forfeiture of the Subject Property is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the Court to advise him of this at the time that his guilty plea was accepted pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J). The defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

9. Pursuant to Rule 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final and effective as to defendant at the time it is entered by the Court but remains preliminary as to third parties until the ancillary proceedings, if any, are concluded under Rule 32.2(c).

10. The forfeiture of the Subject Property shall be made part of defendant's sentence and included in his Judgment.

11. The defendant's counsel, Steven E. Scharg, affirms that he has discussed this Stipulated Preliminary Order of Forfeiture with the defendant and that the defendant consents to the entry of the Stipulated Preliminary Order of Forfeiture.

12. The defendant hereby agrees to the immediate entry of this Stipulated Preliminary Order of Forfeiture and agrees that any and all interest he has in the Subject Property shall be forfeited to the United States for disposition according to law.

13. Upon entry of this Order, the United States, its designee, the Drug Enforcement Administration, and/or United States Marshals Service are authorized, pursuant to Rule 32.2(b)(2) and (3), to seize any property identified above which is not currently in its custody or control, to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. Based upon the Indictment, the Rule 11, this Stipulation, and other information in the record, and pursuant to 21 U.S.C. § 853, the Subject Property **IS FORFEITED** to the United States for disposition according to law, and any right, title or interest of the defendant, and any right, title or interest that his heirs, successors or assigns, have or may have inthe Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

2. Pursuant to 21 U.S.C. § 853(n), Rule 32.2, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty (30) consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The aforementioned

5

notice shall direct that any person, other than defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject Property mustbe signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

3. After the disposition of any motion filed under Rule 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

4. If no third-party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall

have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2).

5. If a third-party files a petition for ancillary hearing for the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third party petition as provided under Rule 32.2(c)(2).

6. After this order becomes the Final Order of Forfeiture, the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

//

//

//

//

//

//

//

//

//

//

(continued following page)

7.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2.

DAWN N. ISON
United States Attorney

s/Gjon Juncaj
Gjon Juncaj (P63256)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0209
Gjon.Juncaj@usdoj.gov

Dated:  December 20, 2024

s/Steven E. Scharg (with consent)
Steven E. Scharg
Counsel for Faruq Mandi Muhammad
615 Griswold Suite 1125
Detroit, MI 48226
(313) 962-4090
scharg1924@gmail.com

Dated: December 20, 2024


s/Faruq Mandi Muhamad (see attached)
Faruq Mandi Muhamad
Defendant

Dated: December 16, 2024


*****************************

**IT IS SO ORDERED.**

Dated: December 23, 2024

/s/Laurie J. Michelson
Honorable Laurie J. Michelson
United States District Court Judge

8

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2.

DAWN N. ISON
United States Attorney

s/Gjon Juncaj
Gjon Juncaj (P63256)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0209
Gjon.Juncaj@usdoj.gov

Dated:

Steven E. Scharg
Counsel for Faruq Mandi Muhammad
615 Griswold Suite 1125
Detroit, MI 48226
(313) 962-4090
scharg1924@gmail.com

Dated:

Faruq Mandi Muhamad
Defendant

Dated:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: _____

Honorable Laurie J. Michelson
United States District Court Judge

8